ADAMS, J.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANTHONY PALOMBO, | ) | CASE NO.  4:06CV1640 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| COMMISSIONER OF SOCIAL | ) | AND ORDER |
| SECURITY ADMINISTRATION | ) | [RESOLVING DOC. 18] |
| | ) | |
| Defendant. | ) | |

This action is before the Court upon the Report and Recommendation of Magistrate Judge

George J. Limbert.  This Court ADOPTS the Report and Recommendation, Doc. 17, with the

supplementation contained herein, and AFFIRMS the decision of the Administrative Law Judge.

Plaintiff is NOT ENTITLED to receive Supplemental Security Income.

**I.  Procedural History**

On November 16, 2004, Plaintiff applied to receive Supplemental Security Income ("SSI")

from the Social Security Administration ("SSA").  Tr. 13.  In that application, Plaintiff alleged

he had been disabled since June 1, 2003.  *Id.*

On March 9, 2005, the SSA denied Plaintiff's application.  *Id.*

On June 15, 2005, the SSA denied Plaintiff's application on reconsideration.  *Id.*

On June 29, 2005, Plaintiff requested an administrative hearing because the SSA denied

Plaintiff's application both initially and on reconsideration.  Tr. 40.

On February 24, 2006, an Administrative Law Judge ("ALJ") for the SSA heard Plaintiff's

request.  Tr. 250-274.

On April 20, 2006, the ALJ found that Plaintiff had psychological disorders and borderline

intellectual functioning, but not an impairment that satisfied 20 C.F.R. pt. 404, subpt. P, app. 1.

Tr. 15-17.  The ALJ also found that Plaintiff could perform all the basic work activities

described in 20 C.F.R. §§ 416.921, .945.  Tr. 18-21.  Ultimately, the ALJ determined that

Plaintiff was not disabled according to 42 U.S.C. § 1382c(a)(3)(A).  Tr. 23.

On April 30, 2006, Plaintiff requested that the SSA Appeals Council review the ALJ's

decision.  Tr. 9-10.

On June 9, 2006, the SSA Appeals Council denied Plaintiff's request, thereby making the

ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"),

pursuant to 20 C.F.R. § 416.1481.  Tr. 5.

On July 7, 2006, Plaintiff filed a complaint, pursuant to 42 U.S.C. § 405(g) and 20 C.F.R.

§§ 416.1455(b), .1481, requesting this Court to review the Commissioner's decision.  Doc. 1.

## II.  Standard of Review

### A. Judicial Review of the Commissioner's Final Decision

Upon the pleadings and transcript of the record, the District Court may enter a judgment

affirming, modifying, or reversing the Commissioner's final decision, with or without remanding

the cause for a rehearing.  42 U.S.C. § 405(g).  For the purposes of such a judgment, the

Commissioner's  factual findings are conclusive, if supported by substantial evidence.  *Id.*

Accordingly, the Court may determine only whether the Commissioner applied the correct

legal standards, and whether substantial evidence supports the Commissioner's findings.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).  Substantial evidence is

"such relevant evidence that a reasonable mind would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

Substantiality is based on the record as a whole. *Houston v. Sec'y of Health and Human Servs.*, 736 F.2d 365, 366 (6th Cir. 1984). The Court may not consider additional evidence outside the record. *See Mathews v. Weber*, 423 U.S. 261, 270 (1976). However, if new material evidence exists for which there was good cause not to previously incorporate it into the record, the Court may order additional evidence to be taken before the Commissioner. 42 U.S.C. § 405(g).

**B. Judicial Review of the Magistrate Judge's Report and Recommendation**

Where objections have been made to a magistrate judge's Report and Recommendation, the District Court standard of review is *de novo*. Fed. R. Civ. P. 72(b). A district judge:

> shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

*Id.*

The Court has reviewed *de novo* the Report and Recommendation, the Parties' briefs and supporting material, Plaintiff's Objection to the Report and Recommendation, and Defendant's Response thereto. The Court finds the Report and Recommendation to be well-reasoned, supplements that report, and finds Plaintiff's Objections to be meritless.

### III. Analysis

**A. Substantial Evidence Supports the Commissioner's Findings**

This Court may determine only whether the Commissioner applied the correct legal standards to Plaintiff's case, and whether substantial evidence supports the Commissioner's factual findings. *See Walters*, 127 F.3d at 528. Plaintiff does not argue that the Commissioner applied incorrect legal standards. *See generally* Docs. 1, 15. Plaintiff only claims that the Commissioner misconstrued the correct legal standard (*i.e.*, "disability" as defined in the Social Security Act), and thereby erred in failing to find Plaintiff disabled. Doc. 1 ¶ 8.

The ALJ thoroughly evaluated all of the evidence regarding Plaintiff's health that was presented at the administrative hearing. Tr. 15-21. This evidence included Mr. Brescia's testimony, Tr. 16, 19-21, on which Plaintiff relies for his complaint. Plaintiff's Obj. at 3-4. The evidence also included, *inter alia*, additional medical evidence and Plaintiff's school records. Tr. 15-21.

Most of the evidence on the record, including some of the evidence related to Mr. Brescia's evaluation of Plaintiff, Exh. 6F3-5, supports the ALJ's conclusion. Namely, the evidence suggests that Plaintiff was not disabled, as defined in the Social Security Act, and that Plaintiff can perform a significant number of jobs. Tr. 21-23. Accordingly, the Commissioner's factual findings are conclusive because they were supported by substantial evidence. *See Richardson*, 402 U.S. at 401. Because the Commissioner correctly applied such reasonable findings to the correct legal standards, the Court AFFIRMS the Commissioner's final decision.

**B.   The Court Cannot Consider Plaintiff's Additional Evidence**

Plaintiff has medical evidence to suggest that his condition has deteriorated more than the

ALJ reflected in his opinion.  Doc. 15, Exh. 2.  However, such evidence is dated August 18,

2006.  This date is not only after the ALJ's hearing, Plaintiff's Obj. at 3, but also after Plaintiff

filed the within complaint.

The Court may not consider additional evidence outside the record.  *See Mathews v. Weber*,

423 U.S. 261, 270 (1976).  The Court may only order that additional evidence be taken before

the Commissioner if there was good cause not to previously incorporate such evidence into the

record.  42 U.S.C. § 405(g).  Plaintiff has not tried to show that such good cause exists.  *See*

*generally* Docs. 1, 15.  Indeed, there is no such good cause on *de novo* review.  Therefore, the

Court cannot order that Plaintiff's additional medical evidence be taken before the

Commissioner.

## IV. Conclusion

The Court hereby ADOPTS the Magistrate Judge's Report and Recommendation, Doc. 17,

with the supplementation contained herein, and AFFIRMS the ALJ's decision.  Accordingly,

Plaintiff is NOT ENTITLED to receive Supplemental Security Income.


IT IS SO ORDERED.


  April 14, 2008                              */s/ John R. Adams*
Date                                         John R. Adams
                                             U.S. District Judge